**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMUEL MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-2013 (HHK) |
| v. | ) |
| | ) |
| DEPARTMENT OF YOUTH REHABILITATION SERVICES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

    Defendant Department of Youth and Rehabilitation Services ("DYRS"), a non-*sui juris* agency of the District of Columbia government, moves to dismiss the Complaint. The Complaint fails to state a claim upon which relief can be granted, was not served properly, and names as defendant an agency of the District of Columbia that cannot be sued in its own name. A memorandum of points and authorities in support and a proposed Order accompany this motion. Because this motion is dispositive, LCvR 7.1(m) does not require prior consultation. Plaintiff's telephone number does not appear in the pleadings to date.

    For the foregoing reasons and such others as may appear to the Court, Defendant DYRS respectfully asks that this Court dismiss the Complaint.

Dated: December 15, 2006                    Respectfully submitted,

                                                    EUGENE A. ADAMS
                                                    Interim Attorney General for the District of Columbia

                                                    GEORGE C. VALENTINE
                                                    Deputy Attorney General
                                                    Civil Litigation Division


                                                    /s/ Kimberly Johnson
                                                    KIMBERLY MATTHEWS JOHNSON
                                                    Chief, General Litigation I
                                                    D.C. Bar No. 435163


                                                    /s/ Wendel Hall
                                                    WENDEL V. HALL
                                                    Assistant Attorney General
                                                    D.C. Bar No. 439344
                                                    Suite 6S012
                                                    441 4th Street, N.W.
                                                    Washington, D.C. 20001
                                                    (202) 724-6608
                                                    (202) 727-0431 (fax)
                                                    E-mail: wendel.hall@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-2013 (HHK) |
| v. | ) | |
| | ) | |
| DEPARTMENT OF YOUTH REHABILITATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

### I. INTRODUCTION

Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for three reasons. First, it does not provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a). Second, the Complaint has not been served properly. Fed. R. Civ. P. 4(j) requires that the Mayor of the District of Columbia be served. Finally, the Department of Youth and Rehabilitation Services ("DYRS") is non-*sui juris* and cannot be sued in its own name.

### II. ARGUMENT

Plaintiff's Complaint consists of a list of causes of action, a demand for information under the Freedom of Information Act, and certain medical notes. It does not indicate a basis for the Court's jurisdiction nor provide a short and plain statement of a claim showing that the

claimant is entitled to relief. According to a proof of service, a summons and complaint were served upon DYRS.

      A.    <u>Plaintiff's Complaint Should Be Dismissed Because It Does Not State A Claim</u>.

Plaintiff's Complaint violates Fed. R. Civ. P. 8(a). The Complaint consists of two pages plus several attachments, none of which seem to bear any relation to the other attached documents. The first page is a series of four bullet points. Each bullet point is the name of a cause of action, but that is all. The Complaint does not indicate the grounds upon which it rests.

The court in <u>Sebastian v. Wenzel</u>, 2004 U.S. Dist. LEXIS 6257 (D.D.C. 2004), succinctly articulated the applicable law in this situation:

> While complaints filed by pro se litigants are held to a less stringent standard than those prepared by legal counsel and should be liberally construed, all complaints must satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A complaint must give the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense.

<u>Sebastian v. Wenzel</u>, 2004 U.S. Dist. LEXIS 6257, 1-2 (D.D.C. 2004). This Complaint does not provide "the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense." From the Complaint, Defendant cannot tell what it allegedly did wrong or why Plaintiff asserts that it violated the law. It cannot investigate the claim. It cannot begin to formulate an "adequate defense." The attachments are medical records and an exposition related to a case brought by another person.

    B.    <u>Plaintiff's Complaint Should Be Dismissed Because The Department Of Youth Rehabilitation Services Cannot Be Sued In Its Own Name</u>.

As an agency within the District of Columbia Government, the Department of Youth Rehabilitation Services is *non sui juris* and cannot be a party to this lawsuit. The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." <u>Does I through III v. District of Columbia</u>, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting <u>Gales v. District of Columbia</u>, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing <u>Fields v. District of Columbia Dep't of Corr.</u>, 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); <u>see also</u> <u>Arnold v. Moore</u>, F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing <u>Robertson v. District of Columbia Bd. of Higher Educ.</u>, 359 A.2d 28, 31, n.4 (D.C. 1976); <u>Miller v. Spencer</u>, 330 A.2d 250, 251, n.1 (D.C. 1974). Accordingly, the Department of Youth Rehabilitation Services is not a proper party to this action.

    C.    <u>Plaintiff's Complaint Should Be Dismissed Because He Has Not Served The District Of Columbia</u>.

Even if this Court were to construe the Complaint as naming the District of Columbia, Plaintiff has not properly served the District of Columbia. The affidavit of service states that a copy of the summons and complaint were left with "Deborah Williams." Fed. R. Civ. P. 4(j) requires that the summons and complaint be served upon the Chief Executive Officer of the District of Columbia – Mayor Anthony Williams. As the summons and Complaint were not served in accordance with Rule 4(j), the Complaint should be dismissed for lack of proper service.

Dated: December 15, 2006   Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163



/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-2013 (HHK) |
| v. | ) |
| | ) |
| DEPARTMENT OF YOUTH REHABILITATION SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Having considered Defendant's Motion To Dismiss, the memorandum of points and authorities in support, Plaintiff's Opposition, Defendant's Reply, if any, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED: that Defendant's Motion to Dismiss shall be, and hereby is, granted; and it is

FURTHER ORDERED: that Plaintiff's Complaint shall be, and hereby is, DISMISSED.

_____
Henry H. Kennedy
United States District Judge

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

Samuel Murray
55 M Street, N.W.
No. 206
Washington, D.C. 20007