UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL MURRAY

    Plaintiff

v.                                                              Civil Action No: 06 – 2013 (HIK)

DISTRICT OF COLUMBIA GOV'T          JURY DEMAND.
Serve:  Gale Rivers\ Darlene Fields or
      Tonya Robinson.
441 Fourth Street, Northwest
Suite 600 South
Washington, D.C. 20002

And

MONICA BENNETT, SUPERVISOR
D.C. DEPARTMENT OF YOUTH
    REHABILITATION SERVICES
8300 Riverton Court
Laurel, Maryland

    Defendants

---

**AMENDED COMPLAINT BASED ON UNLAUFULL EMPLOYMENT DISCRIMINATORY PRACTICES ON THE BASIS OF SEX (MALE), SEXUAL HARRASMENT, AND RETALIATION IN VIOLATION OF THE CIUVIL RIGHTS ACT OF 1966 AS AMENDED.**

COMES NOW, Plaintiff Samuel Murray, and complains and alleges the following:

**Parties**

1)  Plaintiff is an adult and a resident of the District of Columbia. Plaintiff is employed by the District of Columbia Department of Youth Rehabilitation Services, hereinafter referred to as "DYRS", as a driver in the Transportation Unit of DYRS.

2)  Defendant District of Columbia is a Municipal Corporation. Defendant District of Columbia Department of Youth and Rehabilitation Services is responsible for the care

1

and rehabilitation of juveniles entrusted into their care. Defendant District of Columbia DYRS employs the Plaintiff in its Transportation Unit as a driver.

3) Defendant Monica Bennett was employed by the District of Columbia DYRS as a supervisor of the Transportation Unit at all relevant times herein mentioned, and was the person responsible for the acts complained of by the Plaintiff. Defendant Monica Bennett was the person who supervised the Plaintiff at the time in question, and the person who the Plaintiff reported to.

### Jurisdiction

4) This court has jurisdiction of this matter as a result of the parties residing in the District of Columbia. This Court has jurisdiction of this matter on the basis of a violation of the Civil Rights Act of 1966, as amended.

### Statement of Facts Common To All Counts.

5) In February 2002, during my first week of employment at DYRS I had a conversation with Monica Bennett, Supervisor, in which Supervisor Bennett expressed negative perceptions of men and general animosity towards men. I immediately reported Defendant Supervisor Bennett's comments to Mr. Lawrence Prunell, who immediately reassigned me so that I would no longer report to Supervisor Bennett.

6) In April, 2002 I was assigned a task by Supervisor Bennett with instructions that this task could be completed at a later date. However, when I was unable to immediately complete attend to the task, Defendant Supervisor Bennett issued me a written warning for insubordination. I contacted my Union Representative, then met with Mr. Grandville Adams and Defendant Supervisor Bennett regarding the written warning issued by Defendant Supervisor Bennett.

7) The Department determined that the written warning was inappropriate, and removed it from my personnel file.

8) In December 2003, Defendant Supervisor Bennett's supervisory authority over the Motor Vehicle Pool were reinstated. As a result Plaintiff was now required to report to her for assignments.

9) During the course of the next four (4) months I was written up by Defendant Supervisor Bennett on three (3) separate occasions for incidents which either did not constitute a violation, or were surreptitiously created by Defendant Supervisor Bennett herself.

10) On January 29th, 2004, Defendant Supervisor Bennett wrote me up for taking leave without her approval. However, as Supervisor Bennett was aware, I had obtained approval for leave from Mr. Granville Adams. The Department determined that my actions were appropriate and the written violation was removed from my personnel file.

11) On March 31, 2004, Defendant Supervisor Bennett wrote me up for being absent without leave, (AWOL), after approving the leave request herself.

12) On March 29th, 2004 I attended a scheduled CPR class which ended before my shift was over. Since the class had ended I requested to use two (2) hours of compensatory time and left work two (2) hours early. Defendant Supervisor Bennett approved my leave request without any indication that there were any problems with the request.

13) Approximately two (2) days later Defendant Supervisor Bennett wrote me up for being AWOL, despite the fact that she had approved the leave request.

14) On April 6th, 2004, Defendant Supervisor Bennett wrote me up for failing to show

up for work on April 3rd, 2004, even though she had approved my leave for the day.

15) On April 1, 2004, without notifying staff, Defendant Supervisor Bennett posted a new schedule for the motor pool indicating that I was to work on April 3, 2004. I was on leave April 2, 3, and 4, 2004, and was not aware of the change in schedule, and that I was scheduled to work on April 3, 2004, until I was contacted to report for work

16) When I was unable to appear for work on April 3, 2004, despite having my leave for April 3, 2004 approved, Defendant Supervisor Bennett placed a written notice in my file for failing to report for work. However, Defendant Supervisor Bennett did not inform me that she had written me up for failing to appear for work on April 3, 2004.

17) On October 6th, 2004, Defendant Supervisor Bennett made a graphic sexual comments to me while I stood near three (3) other male employees at Oak Hill. Supervisor Bennett, using sexual explicit language, graphically described her interpretation of the definition of the term "pimp juice" which was written down the leg of my pants.

18) Defendant Supervisor Bennett proceeded to assault me during the incident, stroking my leg, hip and buttocks region as she spoke with me in a sexual and seductive manner.

19) I was shocked and embarrassed at Defendant Supervisor Bennett's behavior and sexual aggressive actions on my body to the point I could not respond. However, I was able to shout and instruct her to cease her actions on the lower portion of my body in the presence of other male co-workers.

20) I was made very uncomfortable by the actions and conduct of Defendant

4

Supervisor Bennett as a result of the unwanted touching and sexual explicit language when

touching my lower body, as a result of having just returned from my honeymoon.

21) Further I did not know how to respond as a result of Defendant Supervisor Bennett being my immediate supervisor.

22) I reported this incident to Mr. Edward York, but no action was taken.

23) I subsequently complained about the incident to the Department.

24) Subsequently, Defendant Supervisor Bennett began to retaliate against me and accused me of not performing my work in the manner it should be performed in.

25) After one (1) such incident, on November 1, 2004, I made another official complaint against Defendant Supervisor Bennett and sought assistance form the Department.

26) The November 1, 2004 incident described an incident on the previous day when I was unable to locate the keys to the court bus as a result of Defendant Supervisor Bennett holding onto the keys to the court bus.

27) After making a diligent search for the keys to the court bus I had to ask a deputy to ask Defendant Supervisor Bennett if she had the keys to the court bus, which she had in her possession.

28) Defendant Supervisor Bennett was fully aware that I was uncomfortable approaching her or being around her after the October 6, 2004 incident. By holding onto the keys to the court bus, Defendant Supervisor Bennett was responsible for my late departure of the court bus which is a time sensitive court run for the Department.

29) In filing my compliant I made it clear that Defendant Supervisor Bennett was engaging in this type of behavior as a from of retaliation as a result of filing the

complaint against her.

30)   However, having filed the complaint and complained about the retaliation by Defendant Supervisor Bennett, no action was taken, and I continued to be subjected to her behavior without any relief.

31)   On November 10, 2004 I filed another complaint against Defendant Supervisor Bennett in an effort to illicit some sort of relief from the Department. Failing to receive any response, in my desperation to seek some relief I sent a letter to the Mayor Office explaining my circumstances., and requesting some kind of assistance and relief from the actions of Defendant Supervisor Bennett.

32)   On November 26, 2004 Defendant Supervisor Bennett was transferred to a different facility to separate her from me.

33)   Despite the separation, and instruction not to come to Oak Hill, Defendant Supervisor Bennett continued to appear at the Hill facility and harass me.

34)   As a result of the continuing behavior of Defendant Supervisor Bennett, I was forced to seek professional held from a psychiatrist for the emotional stress and problem I was experiencing at home and at work.

35)   Defendant Supervisor Bennett has been recently reassigned back to the Oak Hill Facility where I am in contact with her on a daily basis.

36)   Defendant Supervisor Bennett's retaliatory actions are still continuing although in a more suttle manner.

### Count 1

**Defendants Have Engaged In an Unlawful employment Practice In Violation of the Civil Right Act of 1966, As Amended, On the Basis of My Sex (Male).**

37) That the Defendant has engaged in an unlawful employment proactive in violation of the Civil Rights Act of 1966, as amended, on the basis of my sex (male).

38) That as a result of said violation the Plaintiff has been injured.

39) That as a result of that injury the Plaintiff has suffered damages.

### Count II

### Defendants Have Engaged In An Unlawful Employment Practice In Violation of the Civil Rights Act of 1966, As Amended on the Basis of Plaintiff's Sex (Sexual Harassment.

40) The Defendant have engaged in an unlawful employment practice in violation of the Civil Rights Act of 1966 as amended, on the basis of the Plaintiff's sex, (sexual harassment).

41) That as a result of the Defendants behavior the Plaintiff has been injured.

42) That as a result of the injury the plaintiff has suffered damages.

### Count III

### Defendants Have Engaged In an Unlawful Employment Practice In violation Of the Civil Rights Act of 1966, As Amended On the Basis of Retaliation.

43) That the Defendants have engaged in an unlawful employment practice in violation of the Civil Rights Act of 1966, as amended on the basis of retaliation.

44) That as a result of said conduct the plaintiff has been injured.

45) That as a result of said injury, the plaintiff has suffered damages.

WHEREFORE, the premises considered, the Plaintiff prays:

    a) that this court enjoin the Defendants from continuing to engaged in t unlawful acts of discrimination against the Plaintiff;

b)  that this court award the plaintiff judgment in his favor and against the Defendants jointly and severally;

c)  that this court award the plaintiff compensatory damages in the amount of $250,000.00, against the Defendants jointly and severally;

d)  that this court award the Plaintiff punitive damages against the Defendants jointly and severally in the amount of 500,000.00;

e)  and that this court award the Plaintiff such other and further relief as it deems necessary.

Respectfully submitted

*Samuel Murray*

Samuel Murray
55 M Street, Northwest
Suite 206
Washington, D.C. 2007
(202) – 289 -1229

## JURY DEMAND

Plaintiff demands a trail by jury on all issues traible by a jury.

*Samuel Murray*

Samuel Murray

8

## Certificate of Service

I hereby certify that a copy of Plaintiff's amended complaint was mailed postage pre-paid on this 19 day of January, 2007 to:

>Wendel V. Hall, Esquire
>Assistant Corporation Counsel
>441 Fourth Street, Northwest
>Sixth floor South
>Washington, D.C. 20001

Samuel Murray