UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL MURRAY,<br><br>            Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF YOUTH<br>REHABILITATION SERVICES,<br><br>            Defendant. | Civil Action 06-02013  (HHK) |

ORDER

      Before the court is the motion of the District of Columbia ("District") to dismiss plaintiff's amended complaint on the grounds that plaintiff failed to properly serve the District [#10].  Upon consideration of the motion, the opposition thereto, and the record of this case,  the court concludes that the motion should be denied.

       Federal Rule of Civil Procedure 4(j)(2) provides:

> Service upon a state, municipal corporation, or other governmental organization subject to suit, shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

A plaintiff may effect proper service on the Mayor of the District of Columbia by "delivering [to him] a copy of the summons and of the complaint," Fed. R. Civ. P. 4(j)(2), or by complying with Superior Court of the District of Columbia Civil Procedure Rule 4(j), which requires a party

suing the District of Columbia to "deliver[ ] . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)," SCR-Civil Rule 4(j)(2).  When a defendant challenges service of process in a federal court proceeding, the plaintiff "must demonstrate that the procedure [he] employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) (quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).

Plaintiff, proceeding *pro se*, caused a summons to be delivered to the Office of the Attorney General, which was to be served on "Gale Rivers/Darlene Fields/Tonya Robinson," on March 21, 2007.  Plaintiff caused another summons to be served on the Office of the Mayor of the District of Columbia on June 19, 2007, and the return of service provided by plaintiff indicates that it was left with "Tabutha" at the "Mayor office 1350 Penn. Ave NW, 4th Floor."

The District moves to dismiss for failure to properly serve the Mayor.  More specifically, the District protests that the Mayor's summons "does not specifically state sufficient facts for (sic) which the Court can determine that the person to whom process was delivered meets the appropriate qualifications for receipt of process for the Mayor" because it "simply states that it was left with Tabutha."  Reply at 1.

According to the most recent Mayor's Order on the subject of service of process, the Mayor has designated the Secretary of the District of Columbia as his agent for receipt of legal correspondence including summonses and complaints.  *See* Mayor's Order 2004-77, 51 D.C. REG. 5280, at 1 (May 14, 2004); *see also Tafler v. District of Columbia,* No. 2006 WL 3254491, at *6 (D.D.C. 2006).  The Order also provides that the "Secretary shall designate from time to

time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor." Mayor's Order 2004-77, at 1. As of November 2005, the Secretary of the District of Columbia had designated *Tabatha* Braxton and Gladys Herring as the employees authorized to receive legal correspondence on behalf of the Mayor. *See Tafler*, 05-1563, D.C. Mot. to Dism., Att. 1 (Memorandum from Interim Secretary of the District of Columbia) (Nov. 9, 2005) at 1.[1]

Although the District protests that plaintiff did not properly serve the Mayor, the court can see no reason why service on "Tabutha" at the Mayor's office is insufficient in these circumstances. The Government has pointed the court towards no authority indicating that Tabatha Braxton is no longer designated to receive process on behalf of the Mayor nor has it given any indication who the plaintiff should have served. In such circumstances, the court concludes that the District's motion to dismiss should be denied without prejudice.

Accordingly, it is by the court this 16th day of August, 2007,

**ORDERED** that the motion to dismiss is **DENIED** without prejudice.

Henry H. Kennedy, Jr.
United States District Judge

---

[1] The Attorney General has designated Darlene Fields, Tonia Robinson and Gale Rivers as the employees authorized to receive legal correspondence on behalf of the Attorney General. *See Tafler*, No. 05-1563, D.C. Mot. to Dism., Att. 2 (Attorney General Office Order 2005-19) (June 6, 2005) at 1.