UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**SAMUEL MURRAY,**                  )
                                    )
       Plaintiff,               )    Civil Action No. 06-2013 (HHK)
                                    )
v.                                  )
                                    )
**DISTRICT OF COLUMBIA, et. al.,**  )
                                    )
       Defendants.              )
_____)

**DEFENDANTS DISTRICT OF COLUMBIA AND MONICA BENNETT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants District of Columbia and Monica Bennett, by and through the undersigned counsel and pursuant to Super. Ct. Civ. R. 12(b) and 56, hereby move to dismiss plaintiff's complaint, or in the alternative, for summary judgment. A Memorandum of Points and Authorities ("Memorandum") and exhibit are attached hereto and incorporated herein. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum, the complaint fails to state a claim upon which relief may be granted. Plaintiff did not allege as required that he exhausted his administrative remedies pursuant to Title VII, 42 U.S.C. § 2000e et seq. ("Title VII") as required. In addition, plaintiff's claim against Monica Bennett is precluded by Title VII vicarious liability doctrine.[1]

Since this a dispositive motion, defendants were not required to obtain the consent of

---

[1] Finally, to the extent that plaintiff's claim includes the District Department of Youth and Rehabilitation Services ("DYRS") as a defendant, the claim is barred because that entity is *non sui juris.* Plaintiff's original complaint named DYRS as his only defendant. At the caption, the amended complaint names only the District as defendant; however, paragraph 2 of the complaint refers twice to the DYRS as defendant and the District, therefore, moves for its dismissal.

plaintiff to the filing of this motion or the relief requested herein.

WHEREFORE, defendants pray that judgment be entered in their favor and the subject complaint is dismissed.

Date:  October 29, 2007

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608; (202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 29th day of October, 2007, that a copy of the foregoing Defendants District of Columbia and Monica Bennett's Motion to Dismiss, or in the Alternative, for Summary Judgment, was delivered by first class mail postage prepaid or casefileexpress, to:

Samuel Murray
55 M Street, NW
Apartment 206
Washington, D.C.  20001


/s/Michelle Davy_____
Michelle Davy
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL MURRAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2006-2013 (HHK) |
| ) | |
| v. ) | |
| ) | |
| DDISTRICT OF COLUMBIA, et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA
AND MONICA BENNETT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

This Court should dismiss plaintiff's complaint against defendants District of Columbia and Monica Bennett. Plaintiff fails to state a claim upon which relief may be granted for the following reasons:

1. Plaintiff did not allege exhaustion of administrative remedies pursuant to Title VII, 42 U.S.C. § 2000e et seq. ("Title VII") as required; and

2. Monica Bennett is not vicariously liable under Title VII.[2]

---

[2] Finally, to the extent that plaintiff's claim includes the District Department of Youth and Rehabilitation Services ("DYRS") as a defendant, the claim is barred because that entity is *non sui juris.* Plaintiff's original complaint named DYRS as his only defendant. At the caption, the amended complaint names only the District as defendant; however, paragraph 2 of the complaint refers twice to the DYRS as defendant and the District, therefore, moves for its dismissal.

It has long been held in this jurisdiction that agencies and departments within the District of Columbia government are not suable as separate entities. *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31, n. 4 (D.C. 1976) (Board of Higher Education not a suable entity)(dictum); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974) (Department of Sanitation not suable); *Ray v. District of Columbia*, 535 A.2d 868, 869, n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic and not *sui juris* entities).

## I. FACTUAL BACKGROUND

Plaintiff contends that his direct supervisor, Monica Bennett, of the District of Columbia Department of Youth and Rehabilitation Services, sexually harassed him and then retaliated when he complained. *See e.g*. complaint at ¶¶ 17-19, 24-28. Plaintiff further alleges that when management did not initially act to stop the alleged harassment when he made complaints. Complaint at ¶ 30.

Plaintiff brought the above-captioned matter against the Defendants on November 27, 2006, seeking compensatory damages in the amount of $250,000.00 and punitive damages in the amount of $500,000.00. Complaint at p. 8.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007)("…once a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint").

Under Rule 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995).

Alternatively, Super. Ct. Civ. R. 12 (b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to

such a motion by Rule 56." Summary judgment should be granted if "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law." Super. Ct. Civ. R. 56 (c). "A moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430 (2002), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Applying either standard, this Court should grant defendants' Motion to Dismiss or, in the alternative, grant the District summary judgment.

### III. ARGUMENT

#### A.   Plaintiffs Fail to State a Claim

*Bell Atlantic v. Twombly, supra*, is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id*. at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id.* at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id.*

1. **Plaintiff Has Failed to Allege Exhaustion of Administrative Remedies as Required.**

Title VII claims require that a non-federal employee complaining of a violation must file an administrative charge with the EEOC, as well as allow the agency ample time to act on that charge. Only after the EEOC has notified the claimant of its decision to dismiss the charge, or its inability to timely file a civil action, can that claimant bring a lawsuit himself. *Browne v. PEPCO*, 2006 U.S. Dist. LEXIS 45074 (2006).

"Failure to allege exhaustion of these administrative remedies for Title VII claims will result in the dismissal of the claims…." *Browne, supra, at 6*. In this case, Plaintiff has not alleged in his complaint, as required to state a claim under Title VII, that the EEOC was timely notified of his claim of retaliation, and that he has thus exhausted all administrative remedies available to him prior to filing this civil action. Accordingly, this Title VII claim should now be dismissed.

2. **Monica Bennett is Not Vicariously Liable.**

Plaintiffs' complaint should be dismissed as to Monica Bennett because she cannot be held vicariously liable under Title VII. *See e.g*., *Russ v. Van Scoyoc Assocs*., 59 F. Supp. 2d 20, 24 (D.D.C. 1999) (Title VII specifically prohibits acts of discrimination by an "employer," and makes a clear distinction between "persons" and "employers." 42 U.S.C. § 2000e-2(a)). "The

Court of Appeals' holding in *Gary v. Long, supra*, [3] excluding individual liability from the definition of "employer" under Title VII, is applicable as well to the ADA's definition of "employer."" *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997).

WHEREFORE, for the reasons stated above, defendants request that judgment be entered in their favor and the subject complaint is dismissed.

### IV.     CONCLUSION

Based upon the foregoing, Defendant District of Columbia respectfully requests that the Court enter judgment in its favor on all claims asserted by Plaintiff.

Date:  October 29, 2007                            Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

---

[3] 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.), *cert. denied*, 516 U.S. 1011, 133 L. Ed. 2d 493, 116 S. Ct. 569 (1995).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 29th day of October, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants District of Columbia and Monica Bennett, Motion to Dismiss was delivered by first class mail postage prepaid or casefileexpress, to:

>Samuel Murray
>55 M Street, NW
>Apartment 206
>Washington, D.C.  20001


>/s/Michelle Davy_____
>Michelle Davy
>Assistant Attorney General

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| **SAMUEL MURRAY,** | ) | |
| Plaintiff, | ) | Civil Action No. 2006-2013 (HHK) |
| v. | ) | |
| **DDISTRICT OF COLUMBIA, et. al.,** | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of defendants District of Columbia and Monica Bennett's Motion to Dismiss or, in the Alternative, for Summary Judgment, supporting Memorandum of Points and Authorities, any opposition hereto, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that the defendants District of Columbia and Monica Bennett's Motion to Dismiss or, in the Alternative, for Summary Judgment be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that the plaintiff's Complaint be, and hereby is **DISMISSED**.

**SO ORDERED**.

JUDGE HENRY H. KENNEDY, JR.

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

Samuel Murray
55 M Street, NW
Apartment 206
Washington, D.C.  20001