UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2013 (HHK) |
| | ) | |
| DISTRICT OF COLUMBIA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DISTRICT OF COLUMBIA AND MONICA BENNETT'S
<u>MOTION TO STRIKE AFFIDAVIT OF DEFAULT</u>**

Defendants District of Columbia and Monica Bennett, by and through the undersigned counsel, hereby move to strike plaintiff's November 1, 2007 Affidavit of Default ("Affidavit").[1] A Memorandum of Points and Authorities ("Memorandum") is attached hereto and incorporated herein by reference. A proposed Order is also enclosed.

As stated more fully in the accompanying Memorandum, the Affidavit is moot because:

A. Defendants had already responded to the complaint before the instant Affidavit was filed; and

B. The severe remedy of default is not appropriate in this case.

Specifically, prior to the Affidavit's filing on November 1, 2007, on October 29, 2007, Defendants responded to the complaint by filing both their Motion for Leave to Late File Motion to Dismiss and the corresponding Motion to Dismiss.[2] The Court has not yet ruled on the

---

[1] Plaintiff styled his request as an Affidavit of Default, although it appears to be essentially a Motion for Entry of Default that would properly be treated as such.

[2] On information and belief, the Motion to Dismiss was individually filed in error and the filing was terminated at that time due to the pending Motion for Leave to Late File. In the event that the Court grants the Motion for Leave to Late File, it is counsel's understanding that the Motion to Dismiss will be re-filed by the Clerk at that time.

Motion for Leave to Late File.

These filings contain legitimate issues; namely, that plaintiff fails to state a claim upon which relief may be granted; did not allege as required that he exhausted his administrative remedies pursuant to Title VII, 42 U.S.C. § 2000e et seq. ("Title VII") as required; and plaintiff's claim against Monica Bennett is precluded by Title VII vicarious liability doctrine.[3]  Defendants brought these matters to the Court's attention in efforts to best aid the Court, and request a ruling on these questions.

Additionally, under prevailing case law, the severe remedy of default is not appropriate.

WHEREFORE, defendants request that plaintiff's Affidavit be stricken.

Date:  November 21, 2007                    Respectfully submitted,

                                            LINDA SINGER
                                            Attorney General for the District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            /s/Kimberly Matthews Johnson
                                            KIMBERLY MATTHEWS JOHNSON, #435163
                                            Chief, General Litigation Sec. I

                                            /s/Michelle Davy
                                            MICHELLE DAVY, #454524
                                            Assistant Attorney General
                                            Sixth Floor South
                                            441 4th Street, N.W.
                                            Washington, D.C. 20001
                                            (202) 724-6608; (202) 727-3625 (fax)
                                            E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 21st day of November, 2007, that a copy of the foregoing

---

[3] Finally, to the extent that plaintiff's claim includes the District Department of Youth and Rehabilitation Services ("DYRS") as a defendant, the claim is barred because that entity is *non sui juris.*

Defendants District of Columbia and Monica Bennett's Motion to Strike Affidavit of Default, was delivered by first class mail postage prepaid or casefileexpress, to:

        Samuel Murray
        55 M Street, NW
        Apartment 206
        Washington, D.C.  20001


        /s/Michelle Davy_____
        Michelle Davy
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL MURRAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2006-2013 (HHK) |
| ) | |
| v. ) | |
| ) | |
| DDISTRICT OF COLUMBIA, et. al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA
AND MONICA BENNETT'S MOTION TO STRIKE AFFIDAVIT OF DEFAULT

This Court should not enter a default judgment against defendants District of Columbia and Monica Bennett, and the Affidavit of Default ("Affidavit") herein is moot, because:

A.  Defendants had already responded to the complaint before the Affidavit was filed;

and

B.  The severe remedy of default is not appropriate in this case.

ARGUMENT

A.  **Defendants Responded to the Complaint Before the Affidavit of Default was Filed.**

Prior to the Affidavit's filing on November 1, 2007, on October 29, 2007, Defendants responded to the complaint by filing both their Motion for Leave to Late File Motion to Dismiss and the corresponding Motion to Dismiss.[4]  Docket Entry Nos. 17 and 18.  The Court has not yet ruled on the Motion for Leave to Late File.

---

[4] On information and belief, the Motion to Dismiss was individually filed in error and was rejected as such due to the pending Motion for Leave to Late File.  In the event that the Court grants the Motion for Leave to Late File, it is counsel's understanding that the Motion to Dismiss will be accepted and properly re-filed at that time.

In *Shays v. FEC*, 340 F. Supp. 2d 39, 50 (D.D.C. 2004), this Court stated that "[t]he Supreme Court has made it clear that "no justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments. . . ." *Flast v. Cohen*, 392 U.S. 83, 95, 20 L. Ed. 2d 947, 88 S. Ct. 1942 (1968) (footnotes omitted). Accordingly, due to defendants' October 29, 2007 filings, the Affidavit is moot.

Additionally, defendants' present filings contain legitimate issues; namely, that plaintiff fails to state a claim upon which relief may be granted; did not allege as required that he exhausted his administrative remedies pursuant to Title VII, 42 U.S.C. § 2000e et seq. ("Title VII") as required; and plaintiff's claim against Monica Bennett is precluded by Title VII vicarious liability doctrine.[5]

Before plaintiff filed his Affidavit, defendants brought these issues to the Court's attention in efforts to best aid the Court. Defendants are entitled to a ruling on these questions. The Affidavit should be denied.

### B.    The Severe Remedy of Default is Not Appropriate in this Case.

In *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006), this Court made its stance on the entry of defaults clear:

> "Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts. *Jackson v. Beech*, 205 U.S. App. D.C. 84, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson*, 636 F.2d at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S. App. D.C. 256, 432 F.2d 689, 691 (D.C. Cir. 1970)). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17

---

[5] Finally, to the extent that plaintiff's claim includes the District Department of Youth and Rehabilitation Services ("DYRS") as a defendant, the claim is barred because that entity is *non sui juris.*

(D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 U.S. Dist. LEXIS 22513, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc*., 786 F.2d 61, 65 (2d Cir. 1986).

There was a filing delay by defendants that was cured before the instant Affidavit was filed. There is no reason to penalize defendants by the entry of default.

In fact, these defendants have been far from unresponsive in this case, as their third Motion to Dismiss is now pending upon the Motion for Leave to Late File currently before the Court. Thus, defendants have in no way conceded to the allegations of this complaint, and have actively sought to challenge them on at least three occasions.

For these reasons and others, the severe remedy of default is not appropriate in this case, and the Affidavit is moot.

WHEREFORE, for the reasons stated above, defendants request that plaintiff's Affidavit be stricken.

Date:  November 21, 2007                    Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-3625 (fax)

E-Mail: michelle.davy@dc.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 21st day of November, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendants District of Columbia and Monica Bennett's Motion to Strike Affidavit of Default was delivered by first class mail postage prepaid or casefileexpress, to:

> Samuel Murray
> 55 M Street, NW
> Apartment 206
> Washington, D.C.  20001

> /s/Michelle Davy_____
> Michelle Davy
> Assistant Attorney General

THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL MURRAY,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2006-2013 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| **DDISTRICT OF COLUMBIA, et. al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Upon consideration of defendants District of Columbia and Monica Bennett's Motion to Strike Affidavit of Default, supporting Memorandum of Points and Authorities, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that the Affidavit of Default is hereby is **STRICKEN**.

**SO ORDERED**.

_____
JUDGE HENRY H. KENNEDY, JR.


cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C.  20001

Samuel Murray
55 M Street, NW
Apartment 206
Washington, D.C.  20001