UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL MURRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA GOVERNMENT, et al.,<br><br>    Defendants. | Civil Action 06-02013 (HHK) |

**MEMORANDUM AND ORDER**

  Samuel Murray, an employee of the District of Columbia Department of Youth Rehabilitation Services ("Department"), brings this action against the District of Columbia ("District") and Monica Bennett, his supervisor at the Department (collectively "defendants"). Murray, proceeding pro se, asserts claims of sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[1] Before the Court is defendants' motion to dismiss [#34]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted in part and denied in part.

  Defendants seek to dismiss Murray's complaint on two grounds. First, defendants argue that Murray's claims against Bennett must be dismissed because Title VII does not authorize suits against individual employees. Defendants are correct. A supervisory employee may not be held liable in his personal capacity under Title VII. *See Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1391).

---

[1] Murray's complaint actually states this his claims are brought pursuant to "Ciuvil [sic] Right Act of 1966 as Amended." Compl. at 1. This is an obvious misstatement by a pro se litigant.

Defendants also argue that Murray's complaint must be dismissed because he has not exhausted his administrative remedies. Defendants' argument that Murray has not exhausted his administrative remedies is based upon their reading of a provision of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 *et seq.* The pertinent provision states that "[a] person claiming to be aggrieved by an unlawful discriminatory practice on the part of the District government agencies, officials, or employees may elect to file an administrative complaint under the rules of procedure established by the Mayor under this section or a civil action in a court of competent jurisdiction." D.C. Code § 2-1403.03(b). Defendants contend that because Murray filed an administrative complaint pursuant to the DCHRA, he is foreclosed by § 2-1403.03(b) from bringing this suit.

Defendants' argument is wholly without merit. Defendants have not cited any authority, and the Court knows of none, that supports the proposition that the DCHRA's election of remedies provision applies to any cause of action other than one brought under the DCHRA. Here, Murray brings his claims under Title VII, a federal statute. It should be fairly obvious that legislation enacted by the District of Columbia City Council cannot limit the reach of legislation enacted by the Congress of the United States. *See* U.S. Const. Art. IV, cl. 2 (stating that "the Laws of the United States . . . shall be the Supreme Law of the Land"); *see also Adams Express Co. v. Commonwealth of Kentucky*, 214 U.S. 218 (1909) ("[I]n case of conflict between the powers claimed by the state and those which belong exclusively to Congress, the former must yield, for the Constitution of the United States and the laws made in pursuance thereof are 'the supreme law of the land.'").

For the foregoing reasons, it is this 12th day of March 2010, hereby

**ORDERED** that defendants' motion to dismiss is **GRANTED** with respect to Murray's claims against Bennett, and **DENIED** with respect to Murray's claims against the District.

                                                           Henry H. Kennedy, Jr.
                                                           United States District Judge